UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BRAYON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-CV-00099 JMB |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Under Federal Rule of Civil Procedure 11, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Further, Local Rule 2.11 recognizes a "person's name on a signature block" as a signature only if that person made "[a]n authorized filing . . . through [that] person's electronic filing account." *Accord* Fed. R. Civ. P. 5(d)(3)(C). The Local Rule goes on to explain that even if a document is electronically filed, if it has been signed by someone "other than an attorney of record," then "the document must be physically signed." E.D. Mo. L.R. 2.11.

Here, self-represented plaintiff Brayon Williams has failed to sign any of his pleadings. *See* ECF Nos. 1 & 2. Instead, he has simply typed various letters or left the signature line blank. *See* ECF No. 1 at 6 (Typed on 'Signature of plaintiff(s)' line: "WILBJ"); ECF No. 2 at 1 ('Applicant's Signature' line is blank). Since plaintiff is not an attorney of record, his typed name fails to satisfy the Federal Rules of Civil Procedure and the Local Rules. *See, e.g., Dean v. Stobie*, No. 4:24-cv-184-SRC, ECF No. 5 (E.D. Mo. Mar. 1, 2024); *Dean v. Stobie*, No. 4:24-cv-74-MTS, ECF No. 22 (E.D. Mo. June 5, 2024). Furthermore, plaintiff should be aware of this necessity as

he has been warned about this failure to sign filings in the past. *See Williams v. United States*, No. 2:24-cv-74-MTS, ECF Nos. 10 & 17 (E.D. Mo. Oct. 10, 2024).

In order for this case to proceed, plaintiff must physically sign his papers and resubmit them within twenty-one (21) days of the date of this Order. To assist plaintiff, the Court will direct the Clerk of Court to return to plaintiff his complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. If plaintiff fails to timely comply with this Order, the Court must strike the filings as required by Federal Rule of Civil Procedure 11(a) and dismiss this case without prejudice and without further order. Finally, plaintiff is warned that he must physically sign all future filings as well.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall return plaintiff's complaint (ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).

**IT IS FURTHER ORDERED** that, no later than **twenty-one (21) days** from the date of this Order**,** plaintiff shall submit signed versions of these two returned filings in compliance with this Memorandum and Order. If plaintiff fails to do so, the Court will strike his filings, which, without any pleadings, motions, or other papers on file, will result in dismissal of this action.

Dated this 16th day of December, 2024.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE